# United States District Court
# Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case Number: 06-CR-572-1 |
| ) | Judge: Charles R. Norgle |
| ANDREW J. POLESE ) | |

Sean C. Harrison, Defendant's Attorney
Lisa M. Noller, AUSA

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT ENTERED A PLEA OF:**

guilty to Count(s) One and Two of the Indictment, which was accepted by the court.
Count Three is dismissed on the motion of the United States.

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §2422(b) | Coercion and Enticement | July 2, 2005 | One |
| 18 U.S.C. 2423(b) | Interstate Travel to Engage in Illicit Sexual Conduct | June 1, 2005 | Two |

The defendant is sentenced as provided in the following pages of this judgment.

## IMPRISONMENT

**IT IS THE JUDGMENT OF THIS COURT THAT:**

the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **ninety six (96) months**, to run concurrently on counts one and two.

The Court recommends to the Bureau of Prisons:

Participation in sex offender program. Designation to FCI, Butner, North Carolina.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for the periods specified for each count of conviction.

> The defendant is sentenced on all count(s) of conviction, namely, Count(s) One and Two to a period of five (5) years of Supervised Release, said periods to run concurrent.

The defendant shall report immediately to the probation office in the district in which the defendant is to be supervised, but no later than seventy-two hours after sentencing. In addition, see the attached page(s) defining the mandatory, standard and discretionary conditions of probation that apply in this case.

## MANDATORY CONDITIONS OF SUPERVISED RELEASE
### (As set forth in 18 U.S.C. § 3583 and U.S.S.G. § 5D1.3)

1) For any offense, the defendant shall not commit another federal, state or local crime;

2) for any offense, the defendant shall not unlawfully possess a controlled substance;

3) for offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter for use of a controlled substance as determined by the court:

   At least two within the first sixty days.

4) for a domestic violence crime committed on or after September 13, 1994, as defined in 18 U.S.C. § 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a rehabilitation program in accordance with 18 U.S.C. § 3583(d);

5) for a defendant classified as a sex offender pursuant to 18 U.S.C. § 4042(c)(4), the defendant shall comply with the reporting and registration requirements set forth in 18 U.S.C. § 3583(d);

6) the defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 and the Justice for All Act of 2004; and

7) The defendant shall pay any balance on the special assessment, restitution and/or fine imposed against the defendant.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1) For any felony or other offense, the defendant shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer (travel outside the continental United States requires court authorization);

3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall provide to the probation officer access to any requested financial information including, but not limited to, tax returns, bank statements, credit card statements, credit applications, etc.;

6) the defendant shall support his or her dependents and meet other family responsibilities;

7) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

8) the defendant shall notify the probation officer ten (10) days prior to any change in residence or employment;

9) the defendant shall refrain from excessive use of alcohol;

10) the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as requested by the probation officer to determine the use of any controlled substance;

11) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

12) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

13) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

14) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

15) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

16) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

17) if this judgment imposes a special assessment, restitution or a fine, it shall be a condition of probation or supervised release that the defendant pay any such special assessment, restitution or fine in accordance with the court's order set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall participate in a mental health treatment program, at the direction of the probation office, shall cooperate in any evaluation and treatment, as directed by the probation officer, and follow any other directions of said probation officer, in consultation with recommendation of treatment providers.

In addition, the defendant shall comply with the following special conditions:

The defendant shall not own, possess, or have access to any computers in his home.

The defendant shall not access the Internet.

The defendant shall not have any unsupervised contact with minors.

The defendant shall not use any computer systems that have not been authorized by the Court or the probation officer. For authorized use of a computer, the defendant shall consent to the installation of any computer monitoring hardware or software systems as approved the probation officer for the purpose of detecting illicit or prohibited use, any pay for the costs of such monitoring.

The defendant shall not purchase, possess, use, or control any media depicting sexually explicit conduct, as defined in 18 U. S. C. §225692).

The defendant shall not own, rent, use, or otherwise access the services of any commercial mail receiving agency, post office box, storage unit without the prior approval of the probation officer.

The defendant shall comply with any local, state, or federal laws relating to registration of sex offenders.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the "Schedule of Payments." Unless waived, the defendant shall pay interest on any restitution and/or fine of more than $2,500, unless the restitution and/or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). The payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment(s) | Total Fine | Restitution | Mandatory Costs of Prosecution |
|---|---|---|---|
| $$200 | Fine Waived | $ | $ |

The defendant shall notify the United States Attorney's Office having jurisdiction over the defendant within thirty days of any change of name, residence or mailing address until all special assessments, restitution, fines, and costs imposed by this judgment are fully paid.

## SCHEDULE OF PAYMENTS

- Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs. If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.

- All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate financial Responsibility Program, are to be by money order or certified check payable to the Clerk of the Court, U.S. District Court, unless otherwise directed by the Court.

- Unless waived, the defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the same is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). Payment options included herein may be subject to penalties of default and delinquency pursuant to 18 U.S.C. § 3612(g).

- Pursuant to 18 U.S.C. §§ 3613(b) and ©) and 3664(m), restitution and/or fine obligations extend for twenty years after release from imprisonment, or from the date of entry of judgment if not sentenced to a period of imprisonment.

Payment of the total criminal monetary penalties shall be due as follows:

    In full:

    Due immediately.

    The costs of incarceration and supervision are waived.

Pursuant to 18 U.S.C. § 3664(k) the defendant must notify the court of any material changes in the defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Pursuant to 18 U.S.C. § 3664(n), if a person is obligated to provide restitution, or pay a fine, received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

## FORFEITURE

Forfeiture is ordered as provided in the attached preliminary order of forfeiture.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 572 |
| | ) | Judge Charles R. Norgle Jr. |
| ANDREW J. POLESE | ) | |

### AGREED PRELIMINARY ORDER OF FORFEITURE

This matter comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 2253(a) and Fed. R. Crim. P. 32.2 and the Court being fully informed hereby finds as follows:

(a) On August 10, 2006, an indictment was returned charging defendant ANDREW J. POLESE with knowingly persuading and enticing a female minor who had not attained the age of 16 years, to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), among other violations;

(b) The indictment sought forfeiture to the United States of specific property, pursuant to the provisions of 18 U.S.C. § 2253, namely:

1. one 5400 Series laptop computer, serial number NG02CU040712615;

2. one Hitachi Travelstar hard drive, serial number K2DVAPWP; and

3. an unnamed CPU unit, bar code number S010102003659.

(c) On February 20, 2007, pursuant to Fed. R. Crim. P. 11, defendant ANDREW J. POLESE entered a plea of guilty to Counts One and Two of the indictment, thereby making the aforementioned property subject to forfeiture pursuant to the provision of 18 U.S.C. § 2253(a);

(d) Pursuant to the terms of the plea agreement, as a result of his violations of 18 U.S.C. §§ 2422(b) and 2423(b), the defendant agreed that the aforementioned property named in the

indictment is subject to forfeiture;

(e) Defendant ANDREW J. POLESE further agreed to the entry of preliminary order of forfeiture relinquishing any right, title or ownership interest that the defendant has in the property pursuant to 18 U.S.C. § 2253(a), for disposition according to law;

(f) The United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant ANDREW J. POLESE and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That pursuant to the provisions of 18 U.S.C. §§ 2422(b) and 2423(b) and Fed. R. Crim. P. 32.2, all right, title, and interest that defendant ANDREW J. POLESE may have in one 5400 Series laptop computer, serial number NG02CU040712615, one Hitachi Travelstar hard drive, serial number K2DVAPWP, and an unnamed CPU unit, bar code number S010102003659, is hereby forfeit to the United States for disposition according to law. It is further ordered,

2. That pursuant to the provisions of 18 U.S.C. § 2253(a), following entry of a preliminary order of forfeiture, the government requests that the United States Marshals Service shall seize and take custody of the foregoing property for disposition according to law. It is further ordered,

3. That pursuant to the provisions of 18 U.S.C. § 2253(b), following entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the foregoing property according to law. The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. It is further ordered,

4.     That pursuant to the provisions of 18 U.S.C. § 2253(a), if following notice as directed by this Court, any person, other than the defendant, asserts a legal interest in the property that has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury. It is further ordered,

5.     That following the Court's disposition of all third party interests, upon the government's motion, the Court shall, if appropriate, enter a final order of forfeiture as to the foregoing property, which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America. It is further ordered,

6.     That the terms and conditions of this preliminary order of forfeiture entered by this Court shall be made part of the sentence imposed against defendant ANDREW J. POLESE, and included in any judgment and commitment order entered in this case against the defendant. It is further ordered,

7.     That this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*[signature]*
CHARLES R. NORGLE, JR.
United States District Judge

Dated: 04/25/2007

3

The defendant is immediately remanded to the custody of the United States Marshal.

Date of Imposition of Judgment/Sentencing: April 25, 2007

_____
CHARLES R. NORGLE
UNITED STATES DISTRICT JUDGE

Dated at Chicago, Illinois this 25 day of April, 2007